**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

SEP 22 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DENNIS K. KIEREN, JR.,

        Petitioner - Appellee,

  v.

STATE OF NEVADA ATTORNEY
GENERAL; ROBERT LeGRAND,
Warden,

        Respondents - Appellants.

No. 11-17915

D.C. No. 3:07 cv-0341- LRH

AMENDED MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Argued and Submitted March 14, 2014
San Francisco, California
Memorandum Disposition Filed: March 25, 2014
Motion for Reconsideration Granted and
Memorandum Disposition Withdrawn: July 3, 2014
Amended Memorandum Disposition Filed: September 22, 2014

Before:    FARRIS, TASHIMA, and McKEOWN, Circuit Judges.

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

The State of Nevada appeals the judgment of the district court granting Dennis Kieren's petition for a writ of habeas corpus. Reviewing the district court's grant of the petition *de novo*, *see McMurtrey v. Ryan*, 539 F.3d 1112, 1118 (9th Cir. 2008), we reverse and remand.

**1.** Kieren exhausted his Fifth and Fourteenth Amendments due process claim. Neither of the State's arguments to the contrary convinces us otherwise. First, a claim may be exhausted even if it is cited in only a reply brief. *Cf. Scott v. Schriro*, 567 F.3d 573, 582-83 (9th Cir. 2009) (per curiam) (holding exhausted a claim raised only in an appendix to a petition for review). Although the state court could have deemed Kieren's claim waived under Nevada Rules of Appellate Procedure 28(c), it did not. Second, Kieren fairly presented his fair trial due process claim by citing "his right to a fair trial guaranteed by the Sixth Amendment." The due process fair trial right and the Sixth Amendment fair trial right are closely intertwined. *See Strickland v. Washington*, 466 U.S. 668, 684-85 (1984). And, under the facts of this case, due process and Sixth Amendment fair trial challenges are "substantial[ly] equivalent." *Picard v. Connor*, 404 U.S. 270, 278 (1971). Kieren's "fair trial" claim therefore allowed the state court an adequate "opportunity to pass upon and correct" the constitutionally erroneous use

2

of the *Kazalyn* first degree murder jury instruction at Kieren's trial. *Id.* at 275 (internal quotation marks omitted).

**2.** We filed our original Memorandum Disposition on March 25, 2014. *See Kieren v. Nev. Att'y Gen.*, 2014 WL 1202582 (9th Cir. Mar. 25, 2014). In that Disposition, we affirmed the district court's grant of Kieren's petition, relying substantially on our earlier decision in *Babb v. Lozowsky*, 719 F.3d 1019 (9th Cir. 2013). On July 3, 2014, we granted the State's Motion for Reconsideration of our denial of the State's Petition for Panel Rehearing to consider the effect of the Supreme Court's intervening decision in *White v. Woodall*, 134 S. Ct. 1697 (2014). We recently held that *Woodall* effectively overruled *Babb*. *See Moore v. Helling*, No. 12-15795, 2014 WL 3973407, at *10 (9th Cir. Aug. 15, 2014). We further held that, at least before 2003, it was not an unreasonable application of clearly established federal law not to apply *Byford v. State*, 994 P.2d 700 (Nev. 2000), to convictions pending at the time that *Byford* was decided. *See Moore*, 2014 WL 3973407, at *9-*10. Kieren's conviction was pending at the time *Byford* was decded, but his conviction became final – and the Nevada Supreme Court issued its relevant decision – in 2002. We, therefore, hold that the Nevada Supreme Court did not unreasonably apply clearly established federal law when it declined to apply *Byford* in Kieren's case. *See id.* The district court erred in relying on both

3

*Nika v. State*, 198 P.3d 839 (Nev. 2008), and *Polk v. Sandoval*, 503 F.3d 903 (9th Cir. 2007), to grant Kieren relief.[1]  *See Woodall*, 134 S. Ct. 1697; *Moore*, 2014 WL 3973407, at *10.

· ● ·

For the reasons set forth above, we reverse the district court's grant of Kieren's petition for a writ of habeas corpus and remand for consideration of Kieren's remaining claims.

**REVERSED and REMANDED.**

Future petitions for rehearing will be entertained from this amended memorandum.

---

[1]     As we noted in *Moore*, 2014 WL 3973407, at *10, *Babb* remains good law in all respects, other than its holding that clearly established federal law required *Byford*'s application to pending cases in which the conviction became final before *Bunkley* was decided.